Harry CLARKE, President of Western Carolina Industries, Inc., and Western Carolina Industries, Inc., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 12842.

United States Court of Appeals Fourth Circuit.

May 13, 1969.

Richard A. Wood, Jr., Asheville, N. C., for petitioners.

Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, for respondent.

Ruth Weyand, Assoc. Gen. Counsel, Robert Friedman, Asst. Gen. Counsel, International Union of Electrical, Radio and Machine Workers, AFL-CIO, for intervenor.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

Western Carolina Industries, Incorporated, an association of industrial employers in western North Carolina, was organized to provide information and advice to its members in the areas of personnel policy, plant safety, and labor relations. The National Labor Relations Board ordered Western Carolina and its president, Harry Clarke, to cease and desist from certain unfair labor practices. Western Carolina and Clarke now petition to set aside the order, and the Board cross-petitions for enforcement.

The Board found that the petitioners had committed an unfair labor practice in their capacity as agents for Phillips Industries, Incorporated, a member of the association, by engaging in illegal surveillance of a union meeting during an organizational campaign at the Phillips plant in Arden, North Carolina. In connection with the campaign, petitioner Clarke visited the plant, where he was seen by Phillips employees. A few days after the visit, Clarke was recognized by Phillips employees as he drove slowly around a restaurant in which a union meeting was being held. According to the Board's finding, Clarke came to the restaurant "for the purpose of engaging in surveillance of the union meeting environs." Although petitioners challenge this finding on review, we conclude that it is supported by substantial evidence.

The petitioners also contend that the Board erred in finding them to be agents of Phillips within the mean-

ing of §§ 2(2) and 2(13) of the Act. The Board found, upon substantial evidence, that Clarke, through his involvement in the labor relations affairs of Phillips, had become "inextricably allied with management." An employer may not take advantage of anti-union activities carried on in its behalf by third parties and then seek to avoid responsibility for those actions by denying the existence of a formal agency relation. The concept of agency is broadly construed under the Act, and the relationship between Clarke and Phillips is well within its scope. See Amalgamated Clothing Workers v. NLRB, 125 U.S.App. D.C. 275, 371 F.2d 740 (1966); Colson Corp. v. NLRB, 347 F.2d 128 (8th Cir. 1965).

Nor do we find merit in the other issues raised by the petitioners. The order of the Board is accordingly

Enforced.